NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

DEC 1 8 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-370-JMH

GREGORY DAVIS                                                                    PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

JAMES E. AREHART, ET AL.                                                  DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Gregory Davis, an individual presently confined at the Federal Correctional Institution ("FCI") - Gilmer, in Genville, West Virginia, has filed a *pro se* civil rights complaint, together with an application to proceed *in forma pauperis*. The motion will be granted by separate Order.

This matter is currently before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1]

BACKGROUND

The Court first takes judicial notice of the plaintiff's criminal proceedings in this Court. On September 5, 2002, a grand jury of this Court indicted Gregory Davis on two counts of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal official engaged in the performance of his official duties through use of a deadly or dangerous weapon, based upon events occurring in his apprehension and arrest on July 31, 2002. Trial was had in *United States v.*

---

[1] As a *pro se* pleading, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition or complaint must be taken as true and construed in favor of the litigant. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

*Davis*, Lexington No. 02-CR-111-KSF, before Judge Karl S. Forester, on October 20-21 of 2003, and the jury convicted Davis on both counts. On December 22, 2003, he was sentenced to consecutive terms of 120 and 70 months' imprisonment, for a total term of 190 months.

On Davis' appeal, his convictions were affirmed, but the original sentence was vacated and the case remanded for re-sentencing in light of *United States v. Booker*, 543 U.S.20 (2005). On January 13, 2006, this Court re-sentenced him to the same 190 months of incarceration and issued an Amended Judgment, which Davis has also appealed, United States Court of Appeals for the Sixth Circuit, No. 06-5227. That Court granted him permission to proceed on appeal *in forma pauperis* and appointed him counsel. As of today's date, both parties have submitted final briefs.

Since his re-sentencing, Davis has also been filing post-judgment motions in 02-CR-111-KSF, *pro se*. Most recently his motions for disqualification of the Assistant United States Attorney James E. Arehart, for recusal/disqualification of Judge Forester,[2] and for a new trial have been denied. Less than one month ago, Davis also filed a notice of appeal of the ruling on the new trial motion.

Additionally, even while being so active in the criminal case and appeal, Davis filed the instant cause of action[3] on October 31, 2006. He seeks to recover for the 22 months which he spent incarcerated on the illegal sentence, the period from his original sentencing on December 22, 2003, until that sentence was vacated by the appellate court on October 31, 2005.

---

[2] The plaintiff has spelled the name as "Forster," but the Court and the Clerk will use the correct spelling of "Forester."

[3] Originally, this case was randomly assigned to Judge Forester. When he immediately recused, it was assigned to the undersigned.

2

## NAMED DEFENDANTS

The plaintiff names three persons from his criminal prosecution as defendants: the prosecuting Assistant United States Attorney, James E. Arehart; the presiding judge, the Honorable Karl S. Forester; and his defense attorney therein, Derek G. Gordon. The plaintiff specifies that they are all being sued in their individual capacities.

## CLAIMS

The plaintiff alleges that the defendants' participation in imposing the erroneous sentence on him violated his rights under the U.S. Constitution (the *ex post facto* clause and Fifth and Sixth Amendments) and Kentucky law (statutory and tort).

## RELIEF REQUESTED

The plaintiff seeks substantial damages, both compensatory and punitive.

## DISCUSSION

The plaintiff has claimed several bases for this Court's jurisdiction herein, including 42 U.S.C. §1983, 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and 28 U.S.C. §1367, supplemental jurisdiction. His complaint will be dismissed, *sua sponte*, for the reasons set out below.

With regard to 42 U.S.C. §1983, a plaintiff relying on this statute must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

3

Although the instant plaintiff has arguably met the first requirement of appropriately alleged violations of his rights under federal law, he has clearly not met the second component. None of the named defendants were acting "under color of state law." The defendant prosecutor and judge were clearly acting under federal, not state, law. As for the defense attorney, Defendant Gordon, the law is well settled that attorneys, even including public defenders who are paid by the state, are not state actors against whom claims can be asserted under §1983. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). See also unpublished Sixth Circuit decisions affirming the dismissal of §1983 civil suits because attorney defendants do not qualify as "state actors:" *White v. Robertson-Deming*, 9 Fed. Appx. 418, 2001 WL 549211 (6th Cir. 2001); *Thomas v. Pugh*, 9 Fed. Appx. 370, 2001 WL 522437 (6th Cir. 2001); *West v. Lambert*, 3 Fed. Appx. 440, 2001 WL 128358 (6th Cir. 2001).

Based upon this authority, 42 U.S.C. §1983 does not provide a jurisdictional basis for the Court to entertain the plaintiff's federal claims against any of the three named defendants. Accordingly, those claims will be dismissed, and the Court looks to the next asserted basis of jurisdiction to see if it confers jurisdiction over the claims asserted herein.

To state a claim that is cognizable as a *Bivens* action for damages, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States, this element being the same as the first requirement in a §1983 civil rights action; and, second, that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397 (emphasis added).

As afore-stated, the prosecutor and judge are federal actors. However, judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in

4

the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359. Having complained of the presiding judge's act in handing down a sentence which proved to be erroneous and acknowledging thereby that the act was a judicial one, the plaintiff cannot obtain damages from Judge Forester.

A prosecutor is also afforded absolute immunity from suit when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 2742 (1994). Just as judicial immunity attaches to all judicial acts, prosecutorial immunity attaches to protect a prosecutor with respect to his actions which are clearly involved his or her role as "advocate" for the government. *Imbler*, 424 U.S., at 431, n.33. "Sixth Circuit precedent has established that 'the critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process.'" *Pusey*, 11 F.3d at 658 (citing *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987)).

Prosecutors are cloaked with immunity from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Wayte v. United States*, 470 U.S. 598, 608 (1985). A prosecutor is absolutely immune from liability for damages based upon his decisions regarding the initiation of a prosecution.

5

*See Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990).

In this case, the plaintiff has complained of Defendant Arehart's advocacy on the sentencing issue and points to his admission, during the appeal, that the sentence violated *Booker*. At both complained-of times, however, this defendant was in his role as prosecutor, advocating for the government. Therefore, he, like Judge Forester, is entitled to absolute immunity, and all claims against both of these federal actors must be dismissed for failure to state a claim.

Finally, to the extent that the plaintiffs seeks damages from any defendant for their purported violation(s) of state law, be it sounding in fraud, Kentucky statutes, or legal malpractice or other tort, he is advised that these are state claims. It is true that this Court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as federal claims. *See* 28 U.S.C. §1326, Supplemental Jurisdiction.

However, when a plaintiff has no federal cause of action, a district court may exercise its discretion to dismiss his pendent state law claims. *Id.*; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). Having found that none of the federal claims may proceed herein, the Court declines to exercise its supplemental jurisdiction. It will dismiss the pendent state claims, without prejudice.

In essence, Gregory Davis has tried to cash in on the legal error of his initial sentencing, a move by a recently convicted prisoner which is unsurprising but yields him nothing for the effort. *See Cyriak v. Rapides Parish Courthouse*, 2005 WL 1630544 (W.D.La. 2005) (not reported). For the foregoing reasons, his cause of action will be dismissed in its entirety.

## WARNING

As the instant action will be dismissed on the grounds of lack of jurisdiction, absolute immunity, and failure to state a claim, the Court takes this opportunity to advise the instant plaintiff further as to his conduct in this Court.

This is the third *pro se* civil case which Davis has filed in this Court since his apprehension and arrest. On July 31, 2003, one year to the day after the arrest giving rise to the charges against him, he began the first case, *Gregory Davis v. Lexington Fayette Urban County Government Division of Police et al.*, Lexington No. 03-CV-331-KSF. At that time Davis had not yet been tried, but he was trying to file for damages against the arresting officers and others involved in the 2002 shoot-out and subsequent prosecution, within Kentucky's one-year statute of limitations for civil rights actions.

For his first civil case, Davis paid the district court filing fee and filed a notice of intent to file a "Notice of Intent to File Complaint for Damages and Relief by Jury Demand," complaining broadly about "numerous due process violations" by the named defendants. The Court liberally construed the initial pleading as a civil rights complaint, but ultimately dismissed the cause, *sua sponte*, on December 16, 2003, for lack of subject matter jurisdiction. Davis did not appeal.

By February 8, 2005, Plaintiff had been convicted and was incarcerated in FCI-Gilmer. He again paid the district court filing fee and filed a formal complaint for damages, initiating *Gregory Davis v. United States Department of Justice, et al.*, Lexington No. 05-CV-049-JMH. The defendants included the same defendants as in the previous action, as well as additional persons. The complained-of events included the same events of July 31, 2002, plus additional events which occurred shortly thereafter. Upon screening this complaint pursuant to 28 U.S.C. §1915A, on April

18, 2005, the Court dismissed the action, again *sua sponte*, on the grounds that the action was filed after the statute of limitations had expired and that the plaintiff had again pled so insufficiently that he had established no basis for this Court's jurisdiction.

The petitioner appealed this Court's dismissal of his second case, and was granted permission to proceed on appeal *in forma pauperis*. The appeal was later dismissed, however, for want of prosecution, upon Davis' failure to timely file a brief and joint appendix in that court.

In light of the foregoing litigation, the plaintiff herein should take notice of 28 U.S.C. §1915(g), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

Clearly, in this Court alone, Plaintiff Davis has on at least two occasions, while incarcerated or detained in a facility, brought actions which were dismissed for frivolousness or for failing to state a claim. He is hereby on notice that because the instant action be dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915A, he may file only one more such action or he will be forever barred from proceeding *in forma pauperis* by 28 U.S.C. §1915(g), unless under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** that this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered

contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the __18th__ day of December, 2006.

                                                /s/ Joseph M. Hood
                                                JOSEPH M. HOOD, CHIEF JUDGE